IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MOSES SMITH JR.       §
v.                    §   CIVIL ACTION NO. 6:09cv172
DIRECTOR, TDCJ-CID    §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Moses Smith, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith complains of a conviction which he received for possession of a controlled substance is a drug-free zone, for which he received a sentence of 15 years in prison. Smith pleaded guilty and did not take a direct appeal, but did seek state habeas corpus relief, which was denied.

The gravamen of Smith's complaint is that his sentence was unlawfully enhanced because he was charged with possession of a controlled substance near a "youth center," Winters Park, but that in fact Winters Park was a "playground" and not a youth center as defined by Texas law. He also says that his attorney rendered ineffective assistance of counsel and that he should be entitled to the benefit of the "rule of lenity" if there is an ambiguity in the statute between "playgrounds" and "youth centers."

The Magistrate Judge ordered the Respondent to answer, to which Smith has filed a response, and received copies of the state court records. After review of the pleadings and records,

the Magistrate Judge issued a Report on May 21, 2010, recommending that the application for habeas corpus relief be denied and that Smith be denied a certificate of appealability *sua sponte*. Smith filed objections to the Magistrate Judge's Report on June 11, 2010.

In his objections, Smith first discusses at length the purported distinction between a "playground" and a "youth center." As noted by the Magistrate Judge, the indictment described Winters Park as a "youth center," and the Texas Court of Criminal Appeals has implicitly held that the indictment was sufficient. *See* <u>Alexander v. McCotter</u>, 775 F.2d 595, 598-99 (5th Cir. 1985). In addition, counsel's affidavit stated that under Texas law, Winters Park qualified as a "youth center," and that he felt certain that the trial court judge and the Court of Appeals would so hold. Smith's claim on this point is without merit.

Second, Smith asserts that his trial attorney, Steven Comte, admitted in his affidavit that he lied to Smith. Specifically, Smith says that Comte stated that he gave Smith the wrong range of punishment and incorrectly told him that the charged offense was a "quarter time" offense for the purpose of parole. This is generally accurate; Comte says in his affidavit that in a meeting with Smith on April 7, 2008, he told Smith that the range of punishment was five years to life, when in fact it was seven to 20 years, and that the offense was a "quarter time" offense for purposes of parole, when in fact Smith would not be eligible for parole until the actual calendar time served equaled five years or the term to which he was sentenced, whichever was less. However, Comte says that his primary goal was to prevent further enhancement of the sentence; he notes that Smith was already on parole from a 75-year sentence and that the State intended to move to make the sentence he received for the present offense cumulative to that one. Comte also refers to a previous conviction which Smith had in federal court, which he says could have been used to enhance the sentence but which Smith argues was not available for enhancement.

As the Magistrate Judge states, Smith has failed to show that but for his attorney's alleged errors, he would not have pleaded guilty, but would have insisted on going to trial, despite the possible enhancements and cumulation of his sentence. Nor has he shown that his plea was in

fact involuntary. The Fifth Circuit has stated that even where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. DeVille v. Whitley, 21 F.2d 654, 659 (5th Cir. 1994). Smith's objection on this point is without merit.

Next, Smith complains that the Magistrate Judge erred in discussing the Rule of Lenity, saying that the federal courts lack the power to apply the Rule of Lenity to a state statute. He cites Kolender v. Lawson, 461 U.S. 352, 193 S.Ct. 1855 (1983) as a case in which the Rule of Lenity was applied by the federal courts to a state statute. However, Kolender held that a California statute which required persons loitering or wandering on the streets to provide "credible and reliable identification" was unconstitutionally vague by failing to clarify what was contemplated by the requirement of a "credible and reliable" identification. The case contains no mention of the Rule of Lenity, which is a judicially crafted rule saying that the courts will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended. Bilfulco v. U.S., 441 U.S. 381, 387, 100 S.Ct. 2247, 2252 (1980). Smith has not shown that the Magistrate Judge erred, and his claim on this point is without merit.

Smith goes on to clarify one of his claims, saying that the Magistrate Judge interpreted it as a complaint that the Texas Court of Criminal Appeals denied him due process by failing to review his motion for reconsideration of his state habeas petition, while in fact his claim was that the trial court violated his right to due process by not answering his supplemental state habeas petition. He says that because the trial court did not respond to his supplemental writ, he sought mandamus relief to compel such a response. Because no response from the trial court was ever forthcoming, Smith says that he has shown that the fact-finding procedure employed by the state court was not adequate to afford him a full and fair hearing, that he did not receive a full and fair hearing, and that he was otherwise denied due process of law in the state court proceeding. He cites

3

28 U.S.C. §2254(d)(2), (6), and (7), but is obviously referring to the pre-1996 version of the statute, inasmuch as these sections do not appear in the current version.

As the Magistrate Judge concluded, claims of denial of due process in state collateral proceedings are not bases for federal habeas corpus relief. Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995). Smith cites the pre-1996 version of the federal habeas corpus statute, relating to instances in which the state court fact-finding is not presumed correct, but these instances do not provide independent grounds for federal habeas corpus relief even were they still applicable. His objection on this point is without merit.

Next, Smith returns to the claim about his prior federal sentence, arguing again that it was not available for enhancement. As proof, he attaches a TDCJ time computation sheet showing that his time calculations began on August 30, 1990, which he says is the day that he was arrested, and a request for a warrant from the Eastern District of Texas, showing that Smith's federal sentence began on March 11, 1993.

Smith says that these documents show that he was on parole from TDCJ and federal supervision simultaneously; he argues that the only way to be on parole from TDCJ and on federal supervised release simultaneously is for the sentences to be concurrent. He further says that if the federal offense had occurred while he was on TDCJ parole, that sentence would have been stacked on top of the state sentence; thus, Smith says, the federal offense must have occurred before he was sentenced in state court, thus precluding the use of the federal conviction for enhancement purposes in the present case.

The records in the case contain no indication that Smith's federal conviction was unavailable for enhancement, and he offers nothing save his own supposition that had counsel investigated, he would have discovered that this conviction was unavailable. Even were this conviction unavailable, Smith still has not shown that he would not have pleaded guilty, but would have insisted on going to trial and risked a 20-year sentence running consecutively to the 75-year

sentence he was already serving, as opposed to a 15 year sentence running concurrently to the 75 year sentence. His claim on this point is without merit.

Finally, Smith complains that he was charged with possession of a controlled substance in a drug-free zone, even though he had been forced to stop his car by the police. However, he was in possession of the drugs, which were in his car, within 1000 feet of a drug-free zone prior to the stop. Smith fails to show how the fact that he was stopped in a drug-free zone offers a basis for federal habeas corpus relief. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Moses Smith is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 18th day of June, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE