IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MOSES SMITH JR. | § | |
| v. | § | CIVIL ACTION NO. 6:09cv172 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

The Petitioner Moses Smith, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Smith was convicted of possession of a controlled substance in a drug-free zone, receiving a sentence of 15 years in prison. The Respondent was ordered to answer Smith's request for habeas corpus relief. After review of the pleadings and the state court records, the Court determined that Smith's application for federal habeas corpus relief lacked merit and dismissed the petition on June 18, 2010.

Smith appealed this dismissal to the Fifth Circuit Court of Appeals, and filed a motion in the Fifth Circuit seeking a certificate of appealability, which he had been denied in the district court. On March 3, 2011, the Fifth Circuit denied Smith's motion for a certificate of appealability, thus dismissing his appeal.

Eight months later, on November 18, 2011, Smith filed a motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. The grounds in this motion were largely although not entirely the same as the grounds which he had presented in his request for a certificate of

appealability. In brief, Smith argued that the state trial court violated Texas law by failing to transmit his supplemental state habeas petition to the Texas Court of Criminal Appeals, which denied him the writ of habeas corpus. He also contended, citing a dissenting opinion by Justice Stevens, that because of the failure by the state trial court, neither the federal district court nor the Fifth Circuit had jurisdiction over his claims, rendering void the decisions denying him federal habeas corpus relief.

After review of Smith's motion, the Magistrate Judge issued a Report recommending that the request for relief from judgment be denied. Smith filed objections to this Report, saying that the failure to forward his supplemental state habeas petition was "an unconscionable breakdown in the underlying process of comity." He argues that the Court "improperly concluded" that his supplemental petition had been presented to the Texas Court of Criminal Appeals, and that because the supplemental petition had not been forwarded, his petition was in fact partially unexhausted. From this, Smith reasons that his federal petition should not have been dismissed with prejudice because the state courts had not had the opportunity to rule on all of his claims.

Smith goes on to argue that his challenge to the validity of the indictment had not been ruled upon by the Court of Criminal Appeals, that his claims about the difference between "playground" and "youth center" and about the Rule of Lenity had not been presented to the Texas Court of Criminal Appeals, that the Magistrate Judge did not comment on his claim concerning a "fraud upon the court," and that the drug-free zone enhancement was "void from its inception."

Smith's objections are without merit. As the Magistrate Judge said, even if the Texas state courts violated state habeas rules, this does not provide a basis for federal habeas corpus relief. His claims were addressed on the merits; both the Magistrate Judge and the district court rejected the Respondent's contention that some of Smith's claims were procedurally defaulted. Smith's claim that his claims could not be addressed on the merits is inaccurate; even if he is correct that some of his claims were not presented to the Texas Court of Criminal Appeals, the federal habeas corpus statute specifically allows the district court to consider unexhausted claims on the merits. 28

U.S.C. §2254(b)(2). Nor has Smith shown that the alleged failure to transmit his supplemental state petition to the Texas Court of Criminal Appeals somehow deprived the federal district court or the Fifth Circuit Court of Appeals of subject matter jurisdiction over his claims, that the drug-free zone enhancement was "void from its inception," or that any of his other claims contain any merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for relief from judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 47) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Petitioner's motion for relief from judgment (docket no. 46) be and hereby is DENIED.

**It is SO ORDERED.**

**SIGNED this 24th day of July, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE